UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA WOODS     CIVIL ACTION

VERSUS     No. 09-467

STATE FARM AND FIRE CASUALTY COMPANY     SECTION I

## ORDER

Plaintiff has filed a motion for reconsideration of the Court's February 17, 2010 order dismissing the plaintiff's claims without prejudice.[1] The defendant has filed an opposition.[2] For the following reasons, the plaintiff's motion[3] for reconsideration is **DENIED.**

## BACKGROUND

On August 28, 2007, the plaintiff filed the above captioned lawsuit against State Farm, alleging that State Farm owes her additional payments for wind-related damage to her property as a result of Hurricane Katrina.[4] On December 29, 2009, defendant filed a motion to dismiss the above captioned matter pursuant to Rule 16 and Rule 37 of the Federal Rules of Civil Procedure and a request for attorneys' fees.[5] Such motion was set for hearing on January 20, 2010.[6] Plaintiff

---

[1] R. Doc. No. 35.

[2] R. Doc. No. 36.

[3] R. Doc. No. 35.

[4] R. Doc. No. 1.

[5] R. Doc. No. 31. State Farm's motion to dismiss alleged that plaintiff failed to attend a court ordered mediation and failed to cooperate with discovery. *See id.*

[6] *Id.*

1

did not file an opposition to defendant's motion to dismiss.

On February 17, 2010, nearly one month after the hearing date on defendant's motion to dismiss, counsel for plaintiff informed the Court that he was unable to ascertain the whereabouts of his client.[7] The Court granted the defendant's motion to dismiss in part, dismissing the plaintiff's claims without prejudice but denying the defendant's requests for a dismissal without prejudice and for attorneys' fees.[8]

### LAW & ANALYSIS

**A. Standard of Law**

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. *See Ford v. Troyer,* No. 97-890, 1997 WL 731945, at *1 n. 3. While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Harrington v. Runyon,* No. 96-60117, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990)).

If a motion for reconsideration is filed within ten days of the entry of the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after ten days, it will be treated as a 60(b) motion." *Id.* (citing *Forsythe v. Saudi Arabian Airlines Corp.,* 885 F.2d 285, 288 (5th Cir. 1989); *Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 667-69 (5th Cir. 1986)). Because plaintiff filed her motion for reconsideration less than ten days after

---

[7]R. Doc. No. 33.

[8]*Id.*

2

the Court dismissed her claims, plaintiff's motion is considered as a Rule 59(e) motion.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.),* 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989).

A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir. 1990). Considerations that limit this discretion include: (1) the need to bring litigation to an end and (2) the need to render just decisions on the basis of all of the facts. *Id.*

**B. Motion for Reconsideration**

Plaintiff argues that the Court should grant her motion for reconsideration to prevent manifest injustice. Plaintiff explains:

> Ms. Woods was apparently unaware of the involvement of Binegar Christian, LLC in her case, as she acknowledges having received messages from a number she did not recognize (the cell phone of Tiffany R. Christian, a partner at Binegar Christian LLC), but not returning them because she did not recognize the caller. Finally, when certified mail correspondence was sent to the plaintiff, she responded. Unfortunately this response came after the Court dismissed her case without prejudice.[9]

State Farm argues that granting plaintiff's motion for reconsideration after plaintiff failed to

---

[9] R. Doc. No. 35-1, p. 3.

comply with a court order to attend a mediation, failed to cooperate with discovery, and failed to oppose defendant's motion to dismiss would promote injustice and would permit plaintiff's abuse of the legal process.[10]

Binegar Christian LLC ("Binegar Christian") was enrolled as additional counsel of record for plaintiff on December 7, 2009.[11] Plaintiff's trial counsel, Larry Centola of the Hurricane Legal Center ("HLC"), continued as lead attorney of record until February 19, 2010, two days after the Court dismissed plaintiff's claims.[12] According to plaintiff, she was unaware that Binegar Christian was enrolled as counsel of record for over ten weeks before the Court's dismissal. The Louisiana Rules of Professional Conduct obligates lawyers to "keep the client reasonably informed about the status of the matter." La. R. Prof. Conduct 4.1(3). Accordingly, HLC and Binegar Christian should have informed plaintiff that Binegar Christian was handling her case as counsel of record.[13]

In addition to any errors by plaintiff's counsel, plaintiff was aware that she was a party to a pending lawsuit and that she was not entitled to ignore voice messages pertaining to such lawsuit, left by an attorney purporting to represent her in such lawsuit. The Court notes that plaintiff has failed to provide any evidence, i.e., in the form of an affidavit or a certified mail receipt, that would support the allegations in her motion. Nor has she provided any explanation

---

[10]R. Doc. No. 36, p. 3.

[11]R. Doc. No. 30.

[12]R. Doc. No. 3.

[13]To the extent that plaintiff's failure to pursue her claims is attributable to either HLC or Binegar Christian, rather than plaintiff, the Court observes that plaintiff's recourse may be to file a complaint with the Louisiana Bar Association and/or seek other counsel.

4

for her failure to attend a court ordered mediation and participate in discovery as alleged by defendant in its December 29, 2009 motion to dismiss. Although, plaintiff's motion for reconsideration states that plaintiff is ready to actively prosecute her case, this assertion comes too late.

Accordingly,

**IT IS ORDERED** that plaintiff's motion[14] for reconsideration is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's counsel shall provide plaintiff with a copy of this order and advise the Court, in writing, **by April 16, 2010,** that plaintiff has received the same.

New Orleans, Louisiana, April 5, 2010.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[14]R. Doc. No. 35.